HILL, Justice,
concurring in part and dissenting in part, with whom BURKE, Justice, joins. .
[T42] I concur with the majority opinion's disposition of Ms. Staleup's second and third issues on appeal, but I find that I must respectfully dissent from the reversal of Ms. Staleup's aggravated vehicular homicide conviction.
[143] Ms. Staleup's defense was that.her passenger's action of grabbing the steering wheel was what caused the vehicle accident that claimed her passenger's life, not Ms. Staleup's impaired driving. Ms. Staleup thus sought to use expert testimony regarding EMDR therapy to explain why she had no memory of her passenger grabbing the steering wheel immediately following the accident but did have a memory of the passenger's action sometime later. Given the purpose for which Ms. Staleup sought to use this expert testimony, I feel it is important to consider the definition of the term "memory."
[144] Memory means "the mental capacity or faculty of retaining or recalling facts, events, impressions, or previous experiences," or "the act or fact of retaining and recalling impressions, facts, ete." Random House Webster's College Dictionary 846 (1992). It is a term that connotes a recollection of a fact or event that occurred, and that is of course how Ms. Staleup sought to present her post-therapy perception of what occurred during her vehicle accident.
[T45] On the other hand, as the majority opinion points out in its Paragraph 17, during Ms. Staleup's offer of proof, her expert testified that EMDR therapy is not designed to induce memory recall, that neither she nor anyone else in her field could attest to the accuracy of any memory recalled, and that the reliability of memory recall produced by EMDR therapy had not been subjected to peer review. In other words, the expert testified that the perception of facts or events that is produced by EMDR therapy might be a recollection of something that actually occurred or it might not be.
[146] This Court reviews a trial court's decision regarding the admissibility of expert testimony for an abuse of discretion and only reverses such a decision if we find that the trial court could not reasonably conclude as it did. See Dean v. State, 2008 WY 124, ¶ 14, 194 P.3d 299, 308 (Wyo.2008). We have long recognized that this standard of review contemplates allowing a trial court broad latitude in making these determinations.
Decisions of the trial court with respect to the admissibility of evidence are entitled to considerable deference and, as long as there exists a legitimate basis for the trial court's ruling, that ruling will not be reversed on appeal.
Dean, ¶ 14, 194 P.3d at 803 (quoting Bunting v. Jamieson, 984 P.2d 467, 470 (Wyo.1999)).
*116 [147] Under these cireamstances, I cannot conclude that the district court abused its discretion in excluding the proffered testimony concerning EMDR therapy. While Ms. Staleup's expert was certainly qualified in the field of EMDR therapy, and a reliable scientific basis existed for the therapy's use in treating trauma, the record supports the court's determination that a reliable scientific or scholarly basis does not exist to link use of EMDR therapy with memory recall. Nor can I conclude that exclusion of the EMDR testimony interfered with Ms. Staleup's constitutional right to present her defense. I agree instead with the State that:
[The district court permitted two different experts to provide testimony on Staleup's behavior in the wake of the accident. Schaad testified that people who suffer trauma feel overwhelmed and can develop mental disorders like anxiety and depression. She also explained that traumatic situations can cause the brain to stick, leading to numbness and repression. Stal-cup's treating psychologist reinforced these statements when he testified that Staleup could not function and suffered emotional injury because of the crash. In short, Staleup succeeded in having an expert give the jury a scientifically sound explanation for her memory gap-without describing EMDR.
[148] For these reasons, I would affirm the district court's decision to exclude the expert testimony concerning EMDR therapy.